UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL ELBERT, as an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN MILLER, individually and in his official capacity as Deputy Sheriff for the County of Solano, Deputy Sheriff DOES 1-25, inclusive,<br><br>　　　　　Defendants. | No.  2:14-cv-00471-GEB-KJN<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

　　　　　The February 13, 2014, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on June 9, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The February 13, 2014 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

　　　　　Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than June 9, 2014, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault,

1

and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on July 7, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  May 28, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

2