**WILLIAMS & ASSOCIATES**
1250 Sutterville Road, Ste. 290
Sacramento, CA  95822
(916) 456-1122
(916) 737-1126 (fax)

Kathleen J. Williams, CSB #127021

Attorneys for defendant
BRIAN MILLER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL ELBERT,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN MILLER, individually and in his official capacity as Deputy Sheriff for the County of Solano, Deputy Sheriff DOES 1-25, inclusive,<br><br>    Defendants. | No.  2:14-cv-00471 GEB KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER REGARDING SHOOTING BOARD OF REVIEW** |

Plaintiff TERRELL ELBERT, and his attorneys and defendant BRIAN MILLER and his attorneys make this stipulation.

Plaintiff has requested the Shooting Board of Review records from defendant. Pursuant to that request, the parties agree to protect the confidentiality of the Shooting Board of Review records regarding the February 12, 2012 incident.

NOW THEREFORE, the parties stipulate to the following:

1. The following records are subject to a protective order (and designated as "Confidential Material"): Shooting Board of Review CR 12-0689, incident date February 12, 2012.

///

2. Confidential material may not be disclosed except as set forth in paragraphs three through five.

3. Confidential Material may be disclosed only to the following persons: (a) counsel for any party to this action; (b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in paragraph 3(a); (c) Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; (d) any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; (e) any "in house" expert designated by defendant to testify at trial in this matter; (f) witnesses who may have the documents disclosed to them during deposition proceedings (the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph five); (g) any Neutral Evaluator or other designated ADR provider; (h) parties to this action; and (i) the jury, should this matter go to trial.

4. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order. Nothing in this paragraph is intended to prevent officials or employees of the Solano County or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of

their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given with respect to what she/he saw, heard, or otherwise sensed.

5.  At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be returned to counsel for BRIAN MILLER and destroyed by counsel for BRIAN MILLER. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are destroyed by counsel for BRIAN MILLER.

6.  In the event that either party wishes to file Confidential Material with the court, as an exhibit to a pleading or otherwise, the filing party shall first seek an order to file under seal pursuant to Local Rule 141. The Request to Seal Documents shall refer to this stipulation and protective order.

7.  Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8.  The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

| | | |
|---|---|---|
| 1 | DATED: January 19, 2015 | WILLIAMS & ASSOCIATES |
| 2 | | |
| 3 | | By: */s/ Kathleen J. Williams* |
| | | KATHLEEN J. WILLIAMS |
| 4 | | Attorneys for defendant MILLER |
| 5 | DATED: October 17, 2014 | LAW OFFICES OF JOHN L. BURRIS |
| 6 | | |
| 7 | | By: */s/ Adante Pointer* (original sig. retained by counsel) |
| | | ADANTE POINTER |
| 8 | | Attorneys for plaintiff ELBERT |

10  IT IS SO ORDERED.

11  Dated:  January 22, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4